DECISION AND JUDGMENT ENTRY
Bonnie Lou Shifflet appeals the Athens County Court of Common Pleas's grant of summary judgment to the Glouster and Nelsonville Public Libraries ("the Libraries"). She argues that the trial court erred by determining that, as a matter of law, the defect in the sidewalk was a minor defect.
 I.
Bonnie Lou Shifflet took her granddaughter to the Glouster Public Library for Story Time. As she approached the entrance to the library, Shifflet fell and fractured her patella. She later filed a complaint against the Libraries and the Athens County Commissioners alleging negligence. After deposing Shifflet, the Libraries moved for summary judgment. Shifflet dismissed, with prejudice, the Athens County Commissioners after determining that the commissioners have no control over or responsibility for the Libraries. Shifflet deposed three of the Libraries' employees and then filed a motion contra summary judgment.
The trial court granted summary judgment against Shifflet. The trial court found that the sidewalk defect was a minor defect and the attendant circumstances of Shifflet's fall did not create a genuine issue of material fact as to whether the sidewalk was unsafe. The trial court declined to grant summary judgment on the basis that Shifflet could not identify the cause of her fall.
Shifflet appeals and asserts the following assignment of error:
 I. The trial court erred as a matter of law in granting appellees' motion for summary judgment on the basis that a defect in the concrete walkway directly in front of the main entrance to appellees' public library was a minor defect, and finding that there were no attendant circumstances sufficient to render the defect substantially and unreasonably dangerous.
 II.
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Co. (1988),42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146; State ex rel. Coulverson v. Ohio AdultParole Auth. (1991), 62 Ohio St.3d 12, 14; Civ.R. 56 (C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue (1) for which that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. SeeDresher v. Burt (1996), 75 Ohio St.3d 280; Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus; and Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35.
An action based upon negligence of another requires proof of four elements: (1) a duty owed the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) injury; and (4) causation of the plaintiff's injury by the defendant's breach of duty. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77; Tackett v. Ball (Sept. 23, 1998), Jackson App. No. 97CA822, unreported.
The Libraries stipulated that, for purposes of summary judgment, Shifflet was an invitee. An owner has a duty to exercise ordinary reasonable care for the safety of invitees, including warning them of latent or concealed perils of which the occupier knows or has reason to know. Where a condition is patent or obvious, the invitee is expected to take care of herself unless the danger is said to be "unreasonably dangerous." SeeGladon v. Greater Cleveland Regional Transit Authority (1996),75 Ohio St.3d 312; Light v. Ohio University (1986), 28 Ohio St.3d 66; Jackson v. Kings Island (1979), 58 Ohio St.2d 357; Betts v.Windland, (Nov. 4, 1991), Washington App. No. 90CA39, unreported at 8 and 9. Moreover, an owner or occupier is not an insurer of the invitee's safety. Jackson.
We explained the Kimball rule, on which the trial court based summary judgment, in Acord v. Speedee Centers South, Inc. (May 7, 1997), Scioto App. No. 96CA2450, unreported, by stating:
 We have, on prior occasions, visited the issue of liability for so-called "sidewalk deviations" see Sheets v. Bd. of Comm. of Scioto Co. (Dec. 22, 1992), Scioto App. No. 2051, unreported (Stephenson, J., concurring); Ballein v. City of Hillsboro (Dec. 7, 1995), Highland App. No. 95CA872, unreported; Scalf v. Heilig-Meyers Furniture (Aug. 8, 1996), Scioto App. No. 95CA2399, unreported, consistently applying what is sometimes referred to as the modified or modern "Kimball rule." This rule, emanating from the seminal cases of Kimball v. Cincinnati (1953), 160 Ohio St. 370, and Cash v. Cincinnati (1981), 66 Ohio St.2d 319, provides that there is a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law and that such presumption may be rebutted upon a showing of attendant circumstances sufficient to render the defect substantially and unreasonably dangerous.
There is no bright line definition of what constitutes attendant circumstances. We have, however, broadly defined attendant circumstances as including "factors that obstruct a pedestrian's view of the defect and/or distract a pedestrian's attention from the defect," Ballein, supra, and have indicated that "the totality of the circumstances of each case must be examined to determine if the circumstances create a substantial defect." Scalf, supra. Attendant circumstances generally include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." McGuire v. Sears,Roebuck Co. (1996), 118 Ohio App.3d 494, 499 (citations omitted).
Thus, in applying the Kimball rule, a court must first establish whether a defect is minor, i.e., two inches or less. If a defect is not minor, i.e., it is a difference in elevation of over two inches, then there is a question of fact for the jury.Accord. If it is minor, the court must then consider any attendant circumstances that may have a bearing on the landowner's duty of care to determine if a jury question remains.Id. Although a sidewalk depression is two inches or less, the question of negligence may be presented to the jury if other circumstances are presented so that reasonable minds could differ as to whether the sidewalk was unsafe. Id.
In her assignment of error, Shifflet advances two arguments in support of her assertion that the trial court erroneously granted summary judgment. First, she asserts that there is a genuine issue of material fact as to whether the sidewalk deviation was two inches or less. Second, she asserts that even if the sidewalk defect was minor, there were attendant circumstances of a reasonable distraction that renders the deviation unreasonably dangerous. We will address each of these arguments separately.
 A.
Shifflet asserts that there is a genuine issue of material fact as to the height of the sidewalk deviation because, although Duane Andrews testified that when he repaired the sidewalk the hole was no more that three-fourths of an inch deep, an inference may be drawn from his testimony that the sidewalk had been tampered with prior to when Andrews fixed it.
Andrews, the Building Superintendent for the Athens County Library System, testified at his deposition that he repaired the area where Shifflet fell, but did not observe the sidewalk prior to her fall. He testified that the defect was "about * * * four to five feet wide * * * — the deepest spot was probably anywere (sic) — probably, three-quarters to a half-inch deep and it tapered up to the finish." He also testified that when he observed the defect, no broken pieces of sidewalk were in the defect.
However we find that, viewing Andrews' testimony in the light most favorable to Shifflet, a reasonable inference drawn from Andrew's testimony is that, at most, someone swept away the debris, including broken pieces of the sidewalk, prior to Andrews' repair. Reasonable minds would not draw the inference from Andrew's testimony that someone reduced the height of the sidewalk deviation prior to Andrew's observation of the defect. Additionally, there are absolutely no Civ.R. 56 materials supporting Shifflet's argument that someone tampered with the depth of the sidewalk deviation or establishing that the sidewalk deviation was more than two inches. Accordingly, no genuine issue of material fact exists as to the sidewalk deviation. Viewing the evidence in the light most favorable to Shifflet, we find that reasonable minds could only conclude that the sidewalk deviation was two inches or less in height.
 B.
Shifflet next asserts that construing the evidence and reasonable inferences from the evidence most strongly in her favor, there were attendant circumstances that rendered the sidewalk defect substantially and unreasonably dangerous. She asserts that the presence of her granddaughter and her concern for her granddaughter diverted her attention, rendering the sidewalk deviation a substantial defect and unreasonably dangerous.
Viewing the evidence in the light most favorable to Shifflet, we find that reasonable minds can only conclude that her concern for her four-year-old granddaughter and her resulting distraction rendered the sidewalk deviation neither a substantial defect nor unreasonably dangerous. See Ballein, supra (fact that Ballein was distracted by her niece and a traffic light did not make a sidewalk defect substantial or unreasonably dangerous). While Shiflett's inattentiveness may be excused in the context of her potential contributory negligence, see, e.g., Burge v. Pepsi-Cola,Co. (1971), 26 Ohio St.2d 237 (whether grandmother's distraction by concern for her grandchildren was excusable and therefore not contributory negligence is question for jury), her inattentiveness does not render the sidewalk deviation unreasonably dangerous.
 III.
Because there is no genuine issue of material fact and, viewing the evidence in the light most favorable to Shifflet, reasonable minds can only conclude that the sidewalk deviation is minor and that the attendant circumstances do not render the defect substantial or unreasonably dangerous, the Libraries are entitled to judgment as a matter of law. Thus, the trial court did not err in granting summary judgment in favor of the Libraries. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
 _______________________________ Roger L. Kline, Presiding Judge