JOURNAL ENTRY AND OPINION
Appellant Hazel Terry appeals from the order of the trial which granted summary judgment to appellee SMJ Growth Corporation (SMJ) and a motion to dismiss to appellee City of Warrensville Heights in appellant's action for personal injuries. For the reasons set forth below we affirm in part and reverse in part and remand for further proceedings.
On May 18, 1998, appellant filed this action against appellee SMJ, the abutting landowner of the sidewalk on which she tripped and fell, and appellee City of Warrensville Heights, the city in which the sidewalk was located. Appellant alleged that on April 25, 1997 as a pedestrian in Warrensville Heights, she tripped and fell on a sidewalk in which the City and abutting landowner were charged with the responsibility of repairing, given its defective condition. She asserted that both appellees negligently failed to maintain the sidewalk in a safe condition.
In her deposition, the appellant testified that on a sunny afternoon at about 1:30 on Friday, April 25, 1997, she was walking on the north side of Longbrook Road approaching a bus stop.[1] As she was approaching the bus stop, the bus arrived and the appellant was looking up at the oncoming bus. While she was looking up, she tripped and fell on a portion of the sidewalk that was raised. Appellant testified that she noticed the defect in the sidewalk only after she fell. She testified that shadows on the sidewalk from a nearby barren tree made it difficult to notice any defect. The appellant testified that she was injured as a result of the defective condition of the sidewalk.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE SMJ GROWTH CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS REGARDING WHETHER SAID APPELLEE IS LIABLE TO APPELLANT FOR INJURIES RECEIVED BY THE DEFECTIVE NATURE OF THE SIDEWALK ABUTTING ITS PROPERTY.
Within this error, the appellant essentially asserts that genuine issues of material fact exist whether the appellee is liable as an abutting landowner to the appellant for injuries she sustained.
This court reviews the grant of summary judgment de novo, applying the same standard as that applied by the trial judge. Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 131, 705 N.E.2d 717. A judge may grant a motion for summary judgment pursuant to Civ.R. 56 (C) when the following elements are satisfied:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple, supra; accord Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, 696 N.E.2d 201.
To prevail on a claim for negligence, the appellant must demonstrate that the appellee owed a duty of care to the appellant, the appellee breached that duty, and the appellant's injury was proximately caused by the appellee's breach. See, e.g., Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265. Thus, where it is clear that the appellant cannot establish one of these essential elements, the apppellee will be entitled to summary judgment. We thus analyze each element of negligence to determine whether it is clear that the plaintiff-appellant cannot establish one of the essential elements of the prima facie case of negligence.
Generally, an abutting landowner has no duty of care to pedestrians for the condition of a public sidewalk. Eichorn v. Lustig's, Inc. (1954),161 Ohio St. 11, 13, 117 N.E.2d 436. Therefore, under the common law, an abutting landowner is not liable for injuries to pedestrians from defects in the public sidewalk unless the defects were created or negligently permitted to exist by the owner for the owner's private use or benefit. Id. at the syllabus; Crowe v. Hoffman (1983), 13 Ohio App.3d 254, 255,468 N.E.2d 1120. However, an exception exists where a statute or ordinance imposes a duty to maintain and repair the sidewalk for the benefit of the users of the sidewalk. Crowe, supra; Rossi v. City of Cleveland (1989) Cuyahoga App. No. 56215, unreported; Kuhl v. Cincinnati Gas Electric Co. (May 11, 1994), 1994 Ohio App. LEXIS 1967 Hamilton App. No. C-930076, unreported.
In the case sub judice, appellant argues that the City of Warrensville Heights ordinance imposes such a duty. We assume for purposes of this appeal that the city ordinance does, in fact, create such a duty of care to SMJ as an abutting landowner. Where a duty of care is imposed by an ordinance, an abutting landowner will be held liable where it has notice of the defective condition. Hughes v. Kozak (Feb. 26, 1996), Cuyahoga App. No. 69007, unreported. In Hughes, this court was asked to apply a similar ordinance to the one in this case to impose a duty of care on an abutting landowner to an injured pedestrian. This court held:
 Where a municipality enacts an ordinance imposing liability on a property owner for damages sustained by third parties for the owner's failure to comply with that ordinance, and where that municipality fails to provide the owner with notice of its violation, the ordinance may not be relied upon to impose liability on the owner. [Emphasis added.]
Id. at 12-13, citing Eisenhuth v. Moneyhon (1954), 161 Ohio St. 367,119 N.E.2d 440. Thus, once summary proceedings have been properly initiated, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof. Mere reliance upon the pleadings is insufficient. See, Civ.R. 56(E); Celotex Corp. v. Catrett (1986),477 U.S. 317, 322-323, 91 L.Ed.2d 265, 106 S.Ct. 2548 and Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.
In the case at bar, the appellant failed to offer evidence that appellee by some affirmative act, created or negligently permitted the allegedly dangerous defect or condition for its own use or benefit, and thus owed a duty of care under the common law as an abutting landowner. Furthermore, appellant failed to offer any evidence, such as a notice from the city, to prove that appellee SMJ had any type of notice of a violation of the Warrensville Heights Ordinance and thus owed her a statutory duty of care. Accordingly, no question of fact existed on the issue of duty of care. Therefore, the trial court did not err in granting appellee SMJ's motion for summary judgment as a matter of law.
Having determined that the appellee SMJ had no duty of care to the appellant, we need not address whether the defective condition of the sidewalk was open and obvious, thus obviating the duty of appellee SMJ.
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE CITY OF WARRENSVILLE HEIGHTS' MOTION TO DISMISS.
In order for a trial court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear "beyond doubt that the appellant can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. University Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245. In construing a complaint upon a motion for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.2d 190.
In the case sub judice, appellee City of Warrensville Heights in its motion to dismiss argued that it was immune from liability pursuant to the Tort Reform Act (House Bill 350) amendments to Ohio Rev. Code 723.01
and 2744.01 et seq., which eliminated the political subdivision's duty to keep its sidewalks in good repair. However, the Ohio Supreme Court held that H.B. 350 was unconstitutional in its entirety. State of Ohio, ex rel. Ohio Academy of Trial Lawyers, et al. v. Sheward, Judge, et al. (1999), 86 Ohio St.3d 451. The appellee City of Warrensville Heights concedes that the unconstitutionality of H.B. 350 invalidates the reason that the trial court granted their motion to dismiss. However, they argue that if the trial court's ruling with regard to the open and obvious doctrine is upheld, the city is also entitled to judgment as a matter of law. We therefore address the appellant's third assignment of error.
 III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE SMJ GROWTH CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES EXIST AS TO WHETHER THE DEFECTIVE CONDITION WAS OPEN AND OBVIOUS AS A MATTER OF LAW.
In determining whether appellee City of Warrensville Heights is liable for appellant's injury, it is necessary that the appellant demonstrate all of the elements of negligence: existence of a duty to the appellant, breach of that duty and injury that resulted from that breach. Mussivand, supra.
In this case, in light of the ruling that H.B. 350 is unconstitutional, it is undisputed that the City owed a statutory duty of ordinary care to pedestrians to maintain the sidewalk in a reasonably safe condition so that a pedestrian is not unreasonably or unnecessarily exposed to danger, Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 480 N.E.2d 474 and must warn of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810.
The owner is liable if they have superior knowledge of the specific condition that caused injuries. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40, 227 N.E.2d 603.
In analyzing the duty of care owed to the appellant, we use the standard enunciated by the Supreme Court of Ohio for invitees. The Supreme Court of Ohio held that invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious in Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. See, also, Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84,623 N.E.2d 1175. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and the owner or occupier may therefore reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves, Sidle, supra;Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644, 597 N.E.2d 504, thus obviating the owner or occupier's duty to an invitee under these circumstances. Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 604, 654 N.E.2d 449. In Simmers v. Bentley Constr. Co., supra, the Supreme Court noted that:
 Although the "open and obvious" doctrine is syllabus law in Ohio, Sidle, supra, its application has not been uniform. See Ohliger v. Toledo (1900), 20 Ohio C.C. 142; Richmond v. Ohio State Univ. (1989), 56 Ohio Misc.2d 16, 564 N.E.2d 1145. Further, since Ohio enacted the comparative negligence statute, R.C. 2315.19, courts must carefully distinguish between a appellee's duty of care and a appellant's contributory negligence. See Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 51, 566 N.E.2d 698, 700.
* * *
 Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. Hitchens v. Hahn (1985), 17 Ohio St.3d 212, 213-214, 478 N.E.2d 797.
* * *
Later, in Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 693 N.E.2d 271, the Supreme Court rejected the contention, raised within the dissent, that the appellant's injury resulted from an open and obvious condition and instead analyzed liability with respect to the duties outlined pursuant to the comparative negligence statutes.
The Supreme Court stated in Texler:
 We thus must determine whether reasonable minds could come to the one conclusion that appellant contributed more than fifty percent of the negligence involved in the accident so that, under Ohio's comparative negligence laws, appellant was not entitled to judgment.
* * *
 The legal issue presented here is whether a reasonably prudent person would have anticipated that an injury would result from walking normally on that sidewalk.
* * *
As this court noted in a similar case in Belleli v. Goldberg, 2001 Ohio App. LEXIS 3601 (Aug. 16, 2001) Cuyahoga App. No. 79061, unreported:
 Courts that have carefully considered the decisions in Texler, supra, and Simmers, supra, have questioned the continued viability of the open and obvious affirmative defense. See Schindler v. Gales Supermarket, Inc., 2001 Ohio App. LEXIS 1614 (Apr. 5, 2001), Cuyahoga App. No. 78421, unreported, Ohio App.3d; Arsham v. Cheung-Thi Corp., 2001 Ohio App. LEXIS 2444 (May 31, 2001), Cuyahoga App. No. 78280 unreported; Basar v. Steel Serv. Plus (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, 2000 Ohio App. LEXIS 1842(McMonagle, J., concurring); Wilson v. PNC Bank, N.A. (May 5, 2000), Hamilton App. No. C-990727, unreported, 2000 Ohio App. LEXIS 1902 [*8] (Painter, J., concurring in judgment only); Hayes v. Wendy's Internatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported, 1999 Ohio App. LEXIS 485. Accord Morris v. Equitable Real Estate Invest. Mgt., Inc. (1999), 136 Ohio App.3d 331, 736 N.E.2d 552.
 These decisions have questioned whether the open and obvious affirmative defense has survived in light of the enactment of the comparative negligence statute and have observed that it defeats the express duty of the premises owner to maintain the premises in a reasonably safe condition. See Schindler v. Gale's Supermarket, Inc., supra.
 In light of the foregoing, we believe that the correct analysis of the instant matter requires apportionment of the percentage of each party's negligence that proximately caused the appellant's damages pursuant to R.C. 2315.19(A)(2). Thus, summary judgment was correctly rendered if the only conclusion a reasonable trier of fact could reach is that the appellant was over fifty percent negligent so as to bar recovery under comparative negligence principles. Accord Schindler v. Gale's Supermarket, Inc., supra.
We therefore proceed with our analysis and will uphold the grant of summary judgment if the only conclusion a reasonable trier of fact could reach is that the appellant was over fifty percent negligent so as to bar recovery under comparative negligence principles.
In the case sub judice, the appellant testified during deposition that she did not notice the defective portion of the sidewalk on the day that she sustained her injuries or on any day before that she may have traversed that sidewalk. We cannot say that a reasonably prudent person would have noticed the defect on the sidewalk and taken precautions to avoid it. The appellant testified in her deposition that the sidewalk on which she tripped contained shadows from a large tree which would have obstructed her view of a defect. Additionally, she testified that at the moment she tripped on the defect and fell, she was looking up at the bus that had arrived at her bus stop that she was trying catch. The Supreme Court has held that:
 A pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward * * *." Grossnickle v. Germantown (1965), 3 Ohio St.2d 96, 32 Ohio Op.2d 65, 209 N.E.2d 442, paragraph two of the syllabus.
 This care requires a pedestrian `to use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision.' Griffin v. Cincinnati (1954), 162 Ohio St. 232, 238, 55 Ohio Op. 118, 120, 123 N.E.2d 11, 15. See, also, Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 325-326, 20 Ohio Op.3d 300, 304, 421 N.E.2d 1275, 1279; Burge v. Pepsi-Cola Bottling Co. of Cincinnati (1971), 26 Ohio St.2d 237, 55 Ohio Op. 2d 478, 271 N.E.2d 273, syllabus, and 26 Ohio St.2d at 241-242, 55 Ohio Op.2d at 480, 271 N.E.2d at 275.
With this in mind, we cannot say that reasonable minds could only conclude that appellant was more than fifty percent negligent. This is an issue that the appellant is entitled to present to a trier of fact.
Therefore, we conclude that the trial court erred in granting summary judgment in this matter. Appellant's assignment of error is well-taken.
Judgment affirmed in part and reversed in part and remanded.
It is ordered that appellees recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCURS. PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY
[1] Appellant originally testified in her deposition that she fell on the south side of the street, but her errata sheet indicates that she in fact fell on the north side of the street and that she apparently misspoke during the deposition. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Temple United, Inc. v. Wean (1977), 50 Ohio St.2d 317, 364 N.E.2d 267. Therefore, we analyze this case based on the fact that appellant fell on appellee SMJ's property on the north side of the street.