Jones, J.
 

 The maxim,
 
 respondeat superior,
 
 does not apply here, for the relation of master and servant did not exist. Reeder was not the servant of Barringer. The latter had no control over Reeder in the operation of the truck, and Reeder so testified; nor could Barringer be considered as a mere guest of Reeder. Barringer’s relation to Reeder was contractual and his riding as a passenger in Reeder’s truck, for the purpose of pointing out the location of the stalled car, was incidental to the carrying out of his contract of hire entered into at Bucyrus. Reeder under the circumstances was required to exercise due care.
 

 The question that has given the greatest concern to this court is: Was Barringer, by silently acquiescing and not objecting to Reeder’s violation of the law in driving without the display of lights, guilty of contributory negligence as a matter of law? There is no evidence that Barringer counseled or advised Reeder to drive without lights, although each testified that he thought such was the safer method of travel. There is testimony tending to prove that just before the accident occurred Reeder swerved his car to the left, and crossed the center line of the road, and that Ward’s ear also crossed it. The prox
 
 *569
 
 imate cause of the injury may have resulted from a combination of the two negligent acts of Reeder, one in driving without lights and the other in crossing the center line. If it be assumed, as claimed by counsel for plaintiffs in error, that plaintiff assumed the risk of driving without lights displayed, he did not assume the risk of Reeder’s negligent act in driving over the center line of the road — an act which the jury may have found to have been chiefly the proximate cause of the accident. Mere knowledge by a passenger of reckless driving, or of violation of law by an automobile or taxi driver, does not,
 
 ipso facto,
 
 preclude him from recovery, if he used the degree of care that ordinarily prudent men would have used under like or similar circumstances; and that issue becomes a question for the jury.
 
 Dowd
 
 v.
 
 Atlas Taxicab Co.,
 
 187 Cal., 523, 202 P., 870;
 
 Bauer
 
 v.
 
 Tougaw,
 
 128 Wash., 654, 224 P., 20;
 
 Bryden
 
 v.
 
 Priem,
 
 190 Wis., 483, 209 N. W., 703.
 

 Counsel for plaintiffs in error recognized this rule in their special requests, which were given by the court, wherein the court charged that “the plaintiff is responsible for any negligence on his part in failing to exercise ordinary care for his own safety, and it is for you to say from all the evidence whether the plaintiff before or at the time of the injury, was in the exercise of ordinary care for his own safety * * * and ordinary care is defined to be such care as persons of ordinary prudence exercise under like or similar circumstances for their own safety.”
 

 In their respective answers each defendant placed the blame upon the other, each claiming that the other defendant crossed the center line. In view of the fact that there was evidence tending to show that
 
 *570
 
 both of them were negligent in this respect, there remained only the issue of contributory negligence, and upon that issue the jury found in favor of the plaintiff.
 

 Finding no prejudicial error in the record, the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.