RICHMOND *v.* OHIO STATE
UNIVERSITY.

(No. 86-10522—Decided
January 17, 1989.)

Court of Claims of Ohio.

*Zachary T. Space,* for plaintiff.
*Anthony J. Celebrezze, Jr.,* attorney general, and *M. Celeste Cook,* for defendant.

RUSSELL LEACH, J. On September 25, 1986, plaintiff, Gary A. Richmond, filed this action wherein he alleged that he suffered injuries as a result of defendant's negligence. This cause came on for trial on December 1, 1988. At the close of plaintiff's case-in-chief, defendant moved for a dismissal of plaintiff's complaint pursuant to Civ. R. 41(B)(2). The court granted said motion regarding counts two through four of plaintiff's complaint; the motion, however, was overruled as to count one. Count one of plaintiff's complaint states that defendant "was negligent in failing to provide safety devices, warn, instruct, and supervise the plaintiff in operating [a] table saw [during a class at defendant university]. Such negligence was a direct and proximate cause of plaintiff's in-

juries." The court has considered the evidence and arguments presented in this matter and renders the following decision.

Findings of Fact

Plaintiff, at the time of the incident in question, was a student attending the Ohio State University in Columbus, Ohio. Plaintiff was interested in obtaining a degree in the field of drama; therefore, he enrolled in a class designated as "Theater 205 Practicum," which was taught by Stephen P. Nelson.

The record indicates that plaintiff was assigned to the scenery construction room in conjunction with his participation in said class. Howard Walker, a staff worker for defendant and an assistant to Nelson, apparently supervised the activities in the construction room; he instructed plaintiff to perform a task using a table saw, which was located in the room. Plaintiff was injured during his operation of the saw.

Plaintiff alleges that Walker failed to appropriately instruct him as to the proper and safe use of the table saw. Defendant, however, contends that the plaintiff was adequately instructed in this regard and that his injuries were due to his own negligence.

Nelson testified that safety instructions concerning the use of the table saw were posted on a bulletin board located approximately twenty to thirty feet from the table saw. In addition, Walker observed plaintiff using the table saw in performing the assigned task, *i.e.,* to cut several pieces of wood. Subsequently, while Walker was not present in the area, plaintiff lacerated the fifth digit of his right hand, which was due to his act of placing his hand on top and in back of the wood as it proceeded over the blade of the saw.

Plaintiff immediately obtained medical attention and subsequently

had plastic surgery performed to aid the healing process. Plaintiff has experienced a residual deformity and reoccurring discomfort exists as a result of the injury and subsequent surgery.

## Conclusions of Law

Plaintiff has the burden of proof to show by a preponderance of the evidence that defendant was negligent under the circumstances. It is generally accepted in Ohio that the three elements of negligence are (1) a duty of care owing to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) an injury proximately resulting from such breach. 70 Ohio Jurisprudence 3d (1986) 46, Negligence, Section 9; *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, 47 O.O. 2d 282, 247 N.E. 2d 732.

It is clear that plaintiff's status under the circumstances was that of an invitee. In Ohio, "an 'invitee' means a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. * * *" *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453, paragraph one of the syllabus. An invitee is owed a duty of reasonable care. *Durst* v. *Van Gundy* (1982), 8 Ohio App. 3d 72, 74, 8 OBR 103, 106, 455 N.E. 2d 1319, 1322. In view of the fact that a student pays a fee to a university for educational instruction, the institution (defendant) owes the duty of exercising ordinary and reasonable care as to the student's safety. "Ordinary care" has been defined as follows:

"That degree of care which [an] ordinarily prudent and competent person engaged in [the] same line of business or endeavor should exercise under similar circumstances, and in law means same as 'due care' and 'reasonable care.' * * * That care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others. Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case." (Citation omitted.) Black's Law Dictionary (5 Ed. 1979) 989.

It has been held, however, that the occupant of the premises is not an insurer of the invitee's safety; the invitee is not protected against all hazards and is not relieved of a duty to care for his own safety. *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, 158 N.E. 174; *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81.

The burden of proof is upon plaintiff to show that the condition which caused the injury was unreasonably dangerous and that said condition was the proximate cause of his injury.

In this regard, testimony at trial demonstrated that a safety guard was located on the table, but it was not functioning at the time of the accident. Furthermore, it was revealed that the defendant knew that the table saw lacked an operational safety guard but still permitted use of the table saw.

Upon review, it is the opinion of this court that the arguments and evidence presented at trial demonstrate that the defendant breached its duty of ordinary care to plaintiff by permitting the safety device on the table saw to remain nonoperational. The court finds that defendant owed plaintiff a duty of ordinary care for his safety and that there was a breach of that duty by negligent omission, *i.e.*, failing to secure the safety device.

The facts of this case, however, reveal that the actions of both parties must be scrutinized and compared as to their degree of negligence.

The court has considered the type of tool plaintiff was instructed to use and how it was operated. Defendant argues that plaintiff's negligence in carelessly operating the table saw is greater than any negligence the court may find regarding defendant's disregard for the safety device.

The court recognizes that a table saw is clearly, because of its nature, an inherently dangerous apparatus. "A product is inherently dangerous where danger of injury stems from the nature of the product itself and not from any defect in the product." *Sams* v. *Englewood Ready-Mix Corp.* (1969), 22 Ohio App. 2d 168, 51 O.O. 2d 315, 259 N.E. 2d 507, paragraph four of the syllabus.

Generally, an individual has a duty of ordinary care, that is, he must exercise that degree of care which an ordinarily reasonable and prudent person exercises under the same or similar circumstances. *Ward* v. *Barringer* (1931), 123 Ohio St. 565, 176 N.E. 217. "Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding peril." 70 Ohio Jurisprudence 3d (1986) 157, Negligence, Section 71, citing, *inter alia, Cleveland, Columbus & Cincinnati RR. Co.* v. *Crawford* (1874), 24 Ohio St. 631.

Defendant contends that plaintiff failed to operate said inherently dangerous machine with proper caution and concentration as a reasonable and prudent person would have under similar circumstances.

Upon review of the evidence and in consideration of the testimony offered at trial, the court is of the opinion that the danger involved in the situation was plainly visible and that plaintiff had the duty to exercise proper care for his own well-being. Although this court has found, agreeing with plaintiff, that defendant should have had an operational safety device on the table saw, it is apparent that the instruction provided and the obvious danger of such a machine went unheeded. A reasonable and prudent person in plaintiff's position would have been attentive to the location of his hand on the wood as it approached the rotating blade in recognition of a known danger; plaintiff disregarded any hazards and omitted to demonstrate the appropriate degree of care. The court finds that plaintiff's failure to avoid a known perilous condition is an intervening event, in regards to the lack of an operating safety guard, and was the proximate cause of his injuries; the incident would not have occurred if plaintiff had been more attentive to the assigned task. See 70 Ohio Jurisprudence 3d (1986) 157-163, Negligence, Sections 71-74.

The instructions provided to plaintiff by defendant's agents, the lack of an operational safety device and plaintiff's disregard for his personal safety are factors considered in allocating fault in the case at bar under the comparative negligence statute. Upon review, the court finds that the plaintiff has failed to prove by a preponderance of the evidence that defendant's negligence was greater than his own. The court believes that the defendant's action, or lack thereof, was a minor causative factor and that plaintiff's failure to act attentively to his work was the proximate cause and, thus, his negligence was greater than defendant's negligence.

In view of the above findings and R.C. 2315.19, the comparative negligence statute, the court renders judgment in favor of the defendant.

*Judgment for defendant.*