ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Plaintiff Eileen Belleli appeals from the order of the trial court which granted summary judgment to defendant Goldberg Companies, Inc., in plaintiff's action for personal injuries. For the reasons set forth below we reverse and remand for further proceedings.
On February 4, 2000, plaintiff filed this action against defendant, the owner of Chagrin Plaza. Plaintiff alleged that on November 15, 1995[1]
she was a business invitee at the Plaza and, tripped and fell while descending a stairway. She asserted that defendant negligently failed to maintain the stairway in a safe condition, and failed to warn her of a hazardous condition.
On June 2, 2000, defendant moved for summary judgment asserting that plaintiff does not know how she fell and that prior to her fall, plaintiff knew that one of the steps had a cracked tread. Defendant submitted excerpts of plaintiff's deposition testimony in which plaintiff stated:
 Q. Are you telling me that you believe you saw a crack, that crack in that tread, a year before your fall?
 A. Yeah. You would go up and down. I'm thinking it's a longer period of time than when you mentioned a month or a week. It seems like it would have been a longer period of time.
* * *
 Q. You are claiming that there was a defect to this step that caused you to fall on November 15, 1995; is that correct?
A. Correct.
Q. Tell me what you claim that defect was.
A. The tread failed.
 Q. You base that on the fact that there was a piece of tread detached from the step after you got up and came back from the bathroom, correct?
 A. And as to where I landed. You know, you fall, you look back, you see what's going on.
Q. Did you look back after you fell?
A. Yeah.
Q. Did you see any part of the tread missing?
 A. I didn't see it missing. I saw part of the tread on the — I didn't know what was — all I know is I looked back and there was a piece of tread on the step below the step I fell on.
In opposition, plaintiff asserted that defendant breached its duty to keep the premises in a reasonably safe condition, neglected to give notice of the hazard and neglected to remove the hazard.
On December 7, 2000, the trial court awarded summary judgment to defendant, concluding that plaintiff had prior knowledge of the open and obvious defect that caused her fall. Plaintiff now appeals and asserts that the trial court erred in awarding summary judgment to defendant.
This court reviews the grant of summary judgment de novo, applying the same standard as that applied by the trial judge. Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 131. A judge may grant a motion for summary judgment pursuant to Civ.R.56(C) when the following elements are satisfied:
 (1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327; accord Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370.
To prevail on a claim for negligence, the plaintiff must demonstrate the existence of a duty of care on the part of the defendant, a breach of that duty, and injury proximately caused by the breach. See, e.g., Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Thus, where it is clear that the plaintiff cannot establish one of these essential elements, the defendant will be entitled to summary judgment.
In this matter, there is no dispute that plaintiff was an invitee and defendant had a duty to use ordinary care to invitees to maintain the premises in a reasonably safe condition so that an invitee is not unreasonably or unnecessarily exposed to danger, Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, and must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979), 58 Ohio St.2d 357,358.
Liability is predicated on an owner or occupier's superior knowledge of the specific condition that caused injuries to a business invitee. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40.
In Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus, the Supreme Court held that invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, also, Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and the owner or occupier may therefore reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves, Sidle, supra; Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644, thus negating the owner or occupier's duty under these circumstances. Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 604.
In Simmers v. Bentley Constr. Co., supra, the Supreme Court noted that:
 Although the "open and obvious" doctrine is syllabus law in Ohio, Sidle, supra, its application has not been uniform. See Ohliger v. Toledo (1900), 20 Ohio C.C. 142; Richmond v. Ohio State Univ. (1989), 56 Ohio Misc.2d 16, 564 N.E.2d 1145. Further, since Ohio enacted the comparative negligence statute, R.C. 2315.19, courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence. See Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 51, 566 N.E.2d 698, 700. * * *
 Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. Hitchens v. Hahn (1985), 17 Ohio St.3d 212, 213-214 * * *.
Later, in Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, the Supreme Court rejected the contention, raised within the dissent, that the plaintiff's injury resulted from an open and obvious condition and instead analyzed liability with respect to the duties outlined pursuant to the comparative negligence statutes. The Texler Court stated:
 We thus must determine whether reasonable minds could come to the one conclusion that appellant contributed more than fifty percent of the negligence involved in the accident so that, under Ohio's comparative negligence laws, appellant was not entitled to judgment.
* * *
 The legal issue presented here is whether a reasonably prudent person would have anticipated that an injury would result from walking normally on that sidewalk.
* * *
Courts that have carefully considered the decisions in Texler, supra, and Simmers, supra, have questioned the continued viability of the open and obvious affirmative defense. See Schindler v. Gale's Supermarket, Inc. (Apr. 6, 2001), Cuyahoga App. No. 78421, unreported, ___ Ohio App.3d ___; Arsham v. Cheung-Thi Corp. (May 31, 2001), Cuyahoga App. No. 78280 unreported; Basar v. Steel Serv. Plus (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, 2000 Ohio App. LEXIS 1842 (McMonagle, J., concurring); Wilson v. PNC Bank, N.A. (May 5, 2000), Hamilton App. No. C-990727, unreported, 2000 Ohio App. LEXIS 1902 (Painter, J., concurring in judgment only); Hayes v. Wendy's Internatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported, 1999 Ohio App. LEXIS 485. Accord Morris v. Equitable Real Estate Invest. Mgt., Inc. (1999),136 Ohio App.3d 331.
These decisions have questioned whether the open and obvious affirmative defense has survived in light of the enactment of the comparative negligence statute and have observed that it defeats the express duty of the premises owner to maintain the premises in a reasonably safe condition. See Schindler v. Gale's Supermarket, Inc., supra.
In light of the foregoing, we believe that the correct analysis of the instant matter requires apportionment of the percentage of each party's negligence that proximately caused the plaintiff's damages pursuant to R.C. 2315.19(A)(2). Thus, summary judgment was correctly rendered if the only conclusion a reasonable trier of fact could reach is that the plaintiff was over fifty percent negligent so as to bar recovery under comparative negligence principles. Accord Schindler v. Gale's Supermarket, Inc., supra.
In this instance, there is no dispute that plaintiff observed a defect on tread of the stairs during the months which preceded her fall. Nonetheless, we cannot say that a reasonably prudent person would have anticipated that an injury would result from walking normally on that step. Nor can we say that reasonable minds could only conclude that plaintiff was more than fifty percent negligent. Accordingly, we conclude that the trial court erred in granting summary judgment in this matter. Plaintiff's assignment of error is well-taken.
This matter is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] This matter was previously filed then dismissed otherwise than on the merits on February 8, 1999.