OPINION
{¶ 1} Appellant, Michele N. Frenchko, makes this consolidated appeal from the judgments of the Trumbull County Court of Common Pleas, Division of Probate, denying her applications to change the names of three of her minor children. We affirm.
 {¶ 2} Ms. Frencko was formerly married to appellee, Jay Steven Nagy. Three children were issue of the marriage: Jayda, Isabella, and Gabriel. The couple was eventually divorced, and Ms. Frenchko married Andrew Tripoulas. There is issue of that marriage: Lola Sophia Frencko-Tripoulas. April 4, 2005, Ms. Frencko applied to the probate court to have the names of her three children by Mr. Nagy changed to "Frenchko-Nagy." Mr. Nagy opposed the applications.
 {¶ 3} The matter was assigned to the magistrate, and hearing was held July 20, 2005. Mr. Nagy appeared through counsel. Ms. Frenchko represented herself. July 27, 2005, the magistrate filed his decision, in which he concluded that he had insufficient evidence before him to determine whether a name change was in the best interest of the Nagy children. Ms. Frenchko timely filed objections to the magistrate's decision on August 5, 2005.
 {¶ 4} October 6, 2005, the probate court filed its judgments, overruling Ms. Frencko's objections, and adopting the decision of the magistrate. The judgment entries provide, in pertinent part: [t]he Court having reviewed the matter finds that the allegations of evidence submitted in the objection to the Magistrate's Decision is not supported by the transcript of the proceeding.
(Emphasis added.)
 {¶ 5} The transcript of the July 20, 2005 hearing was not filed with the probate court until November 3, 2005.
 {¶ 6} November 4, 2005, Ms. Frenchko timely noticed three appeals to this court, which have been consolidated. She makes the following assignments of error:
 {¶ 7} [1.] "The trial court abused its discretion in failing to consider the best interest of the minor children and in denying the application for change of name of minor[.]
 {¶ 8} [2.] "The trial court abused its discretion in failing to consider the wishes and desires of the minor children in determining an application for change of name of minor."
 {¶ 9} We consider the assignments of error together, as the same analysis is applicable to each.
 {¶ 10} Generally, a court of appeals is forbidden from considering matters which were not in the record before the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d 728, 730, 1995-Ohio-272. Civ.R. 53(E)(3)(c) provides that any evidentiary objections to a magistrate's decision "shall" be supported by a transcript or an affidavit of the evidence. The use of the word "shall" indicates that the rule is mandatory, requiring strict compliance. Cf. State ex rel. Botkins v. Laws,69 Ohio St.3d 383, 385, 1994-Ohio-518. The analysis required by the Ohio Supreme Court in determining whether a name change is appropriate is fact-sensitive. In re Willhite,85 Ohio St.3d 28, 1999-Ohio-201, at paragraph two of the syllabus.
 {¶ 11} In this case, it is undisputed that no transcript was filed with the probate court until November 3, 2005, almost a month after that court overruled Ms. Frenchko's objections, and adopted the magistrate's decision. However, it is impossible for us to determine, from the language used by the probate court in its judgment entries of October 6, 2005, quoted in ¶ 4, whether that court did consider a transcript of the hearing, which was not properly before it, or whether it simply meant to state that in the absence of a transcript, it could not properly consider the objections.
 {¶ 12} Nevertheless, we deem that even if the probate court did consider a transcript, any error was harmless. "Civ. R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is `ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'" Chieffo v. YSD Industries, Inc.,157 Ohio App.3d 182, 2004-Ohio-2481, at ¶ 24. In this case, since Ms. Frenchko failed to file a transcript of the hearing in support of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary basis for the trial court to rule on those objections. Thus, its judgments of October 6, 2005 are correct, though possibly for the wrong reason.
 {¶ 13} The assignments of error are without merit.
 {¶ 14} The judgment of the Trumbull County Court of Common Pleas, Division of Probate, is affirmed.
William M. O'Neill, J., Cynthia Westcott Rice, J., concur.