OPINION
{¶ 1} Appellant, Michael Ann Stambolia ("Michael"), appeals from the December 8, 2005 judgment entry of the Trumbull County Probate Court overruling her objections and adopting the decision of the magistrate in the division of tangible personal property from the estate of Mike Stambolia ("Mr. Stambolia").
 {¶ 2} Mr. Stambolia died testate on July 21, 2003. Mr. Stambolia was survived by his adult children, Michael and appellee, James M. Stambolia ("James").
 {¶ 3} In his will, Mr. Stambolia appointed James to be the administrator of his estate and ordered the distribution of his estate in equal shares to each of his then surviving children. On November 13, 2003, James filed an application to probate the will. On the same day, James filed an "Application to Relieve Estate From Administration," pursuant to R.C. 2113.03, accompanied by a statement of assets and liabilities of the estate. The assets of the estate were listed as the following: an undivided one-half interest in Mr. Stambolia's Atlantic Street residence in Warren, Ohio, and two motor vehicles, a 1978 Triumph Spitfire and a 1979 Ford Truck. A notice of hearing on the application was mailed to Michael, by certified mail, which she received on December 3, 2003.
 {¶ 4} The court held a hearing on the motion for relief on December 19, 2003. No objection was made by Michael. On December 29, 2003, the court entered judgment relieving the estate from administration and ordered a transfer of the assets to Michael and James in equal shares.
 {¶ 5} On October 29, 2004, James filed a Motion to Reopen Estate with a supplemental schedule of assets and liabilities of the estate, listing an undivided one-half interest in a 2003 Chevrolet Truck. A notice of hearing on the supplemental application was mailed to Michael, by certified mail, which she received on November 5, 2004.
 {¶ 6} On November 17, 2004, "Objections to Release from Administration" were filed by Michael claiming that James failed to account for and distribute Mr. Stambolia's personal property. A number of disputes occurred between James and Michael. The disputes involved both allegations of missing items of furnishings and household goods and unequal division of items.
 {¶ 7} The magistrate conducted an initial hearing on these matters on January 12, 2005. Pursuant to judgment entry filed on January 18, 2005, the magistrate issued a Report and Order, ordering that Michael "be granted an opportunity to walk through the house in order to prepare a list of items she is requesting as her distributive share." The court further ordered that an independent party accompany her. On January 25, 2005, both James and Michael went through the Atlantic Street residence and prepared a list of desired household items.
 {¶ 8} On June 23, 2005, the magistrate conducted another hearing on Michael's objections to allocate the distribution of items identified by the list and to address the matter of alleged missing or unaccounted for items of the estate. The magistrate issued a Report and Order stating in pertinent part: "[c]ertain items were not estate assets in that they were given away or destroyed during the decedent's lifetime. * * * In the absence of any agreement by the parties, the parties shall take turns choosing items from the remaining items on the list attached as Exhibit A." The magistrate further held that "any property not divided by * * * agreement will be assigned to the parties on a random basis at a status conference on July 14, 2005 * * *."
 {¶ 9} On July 7, 2005, Michael filed objections to the magistrate's June 23, 2005 Report and Order. On July 15, 2005, the magistrate held another hearing, and filed an Amended Report and Decision. The magistrate found that "[t]he parties met on July 13, 2005, and divided the items on the list attached to the [June 23, 2005] Magistrate's Report." Further, the magistrate found that the division of tangible personal property as reflected on the list of chosen items "will stand." Regarding alleged unaccounted for items, the magistrate found that the testimony established that "many items were thrown away by the decedent prior to his death." The magistrate further held that that a search of the attic [of the residence] was to be conducted for "additional dolls, books, or other items which may have belonged to [Mr. Stambolia] or his late wife," and that "the parties will meet again in the near future to divide the tools from the garage and basement."
 {¶ 10} On July 29, 2005, Michael filed objections to the Magistrate's Amended Report and Decision of July 15. On August 19, 2005, the Magistrate entered an Order that by "September 9, 2005, James shall provide an itemized list of the decedent's personal property which was in his control or possession at the time of the decedent's death," and not included in the attachment to the magistrate's July 15, 2005 Report.
 {¶ 11} On September 2, 2005, James filed a list of items pursuant to the magistrate's Order of August 19, 2005. The list included items located at 29 Wood Street in Girard, Ohio, which was a prior residence occupied by Mr. Stambolia.
 {¶ 12} On October 27, 2005, the Magistrate issued a Report and Decision finding that "the division of property in prior Magistrate's Reports shall stand." The magistrate further found that James provided a "list of items which were not included in the Magistrate's Report of July 15, 2005. Some of the items are from a residence at * * * Atlantic and some from 29 Wood Street. In the absence of agreement of the parties, the Magistrate finds that Michael * * * receive all items from 29 Wood Street, Girard, those items given to her from * * * Atlantic Street * * *, and the one-half of the items chosen from Atlantic [Street] * * *. James * * * shall retain the remaining items from Atlantic and all other items not allocated to Michael."
 {¶ 13} On November 10, 2005, Michael filed objections to the magistrate's October 27, 2005 decision. At a hearing held on December 8, 2005, the probate court overruled Michael's objections and adopted the magistrate's order allocating the division of personal property in Mr. Stambolia's estate.
 {¶ 14} It is from this judgment that Michael filed a timely notice of appeal asserting a single assignment of error:
 {¶ 15} "The probate court erred to the prejudice of appellant in overruling her objections to the magistrate's decision of October 27, 2005."
 {¶ 16} In her sole assignment of error, Michael argues that the probate court erred in affirming the magistrate's decision dividing the tangible personal property of decedent's estate.
 {¶ 17} We note at the outset that the limits of our review of this case are circumscribed. Civ.R. 53(E)(3)(c) provides in pertinent part: "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The use of the word "shall" indicates that the rule is mandatory, requiring strict compliance. In Re: Change of Name of Isabella Helene Nagy toIsabella Helene Frencho-Nagy, 11th Dist. Nos. 2005-T-0129, 2005-T-0130, 2005-T-0131, 2006-Ohio-3427, at ¶ 10, citing, Stateex rel. Botkins v. Laws, 69 Ohio St.3d 383, 385, 1994-Ohio-518. An analysis of whether the distribution and division of personal property of the decedent's estate was proper, and whether all items of personal property were accounted for by James, are fact based issues. Michael presents two specific issues for review under her sole assignment of error. The first issue is that the court erred in the distribution of personal property. The second issue relates to alleged acts by James in his capacity as a commissioner of the estate to locate, disclose, and distribute estate assets.
 {¶ 18} In this case, the magistrate conducted a hearing regarding Michael's claim of unaccounted for assets and objections to the division of personal property of the estate on July 14, 2005, and ordered a partial distribution of some of the assets, and a further search for any additional items. On October 27, 2005, the magistrate found "the division of property in prior Magistrate's Reports shall stand," and ordered distribution of the remaining items located in the garage and other items "not included in the Magistrate's Report of July 15, 2005."
 {¶ 19} The transcript from the July 14, 2005 hearing was filed with this court upon appeal. However, it was not filed with the probate court until March 21, 2006, over three months after the court overruled Michael's objections and adopted the magistrate's decision. This court cannot consider the transcript because it was not before the probate court when it issued its decision adopting the magistrate's decision. Further no affidavit of evidence submitted to the magistrate was filed with the trial court.
 {¶ 20} In this case, since Michael failed to file a transcript of the hearing or affidavit in support of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary grounds for the trial court to rule on the objections.
 {¶ 21} Michael's sole assignment of error is without merit.
 {¶ 22} The judgment of the Trumbull County Court of Common Pleas, Division of Probate, is affirmed.
Cynthia Westcott Rice, J., concurs, Diane V. Grendell, J., concurs in judgment only.