[Cite as *Young v. Dept. of Rehab. & Corr.*, 2017-Ohio-9418.]

| | |
|---|---|
| CHAD YOUNG | Case No. 2015-00867 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | DECISION |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Before the court are (1) written objections filed on October 30, 2017 by defendant Ohio Department of Rehabilitation and Correction (ODRC) to Magistrate Gary Peterson's decision of September 6, 2017, (2) plaintiff Chad Young's response to ODRC's objections filed on November 7, 2017, (3) ODRC's "Motion For Leave To File A Reply And To Utilize Alternate Technology In Support of Its Objections" filed on December 8, 2017, (4) ODRC's reply in support of its objections filed on December 8, 2017, (5) Young's motion to strike ODRC's reply in support of its objections filed on December 13, 2017, and (6) Young's response to ODRC's motion for leave to file a reply and to utilize technology in support of its objections filed on December 13, 2017.

{¶2} For reasons set forth below, the court determines that (1) ODRC's objections of October 30, 2017 should be overruled, (2) ODRC's motion for leave to file a reply and to utilize alternate technology in support of its objections filed on December 8, 2017 should be denied, (3) Young's motion of December 13, 2017 to strike ODRC's reply should be granted, (4) ODRC's reply in support of its objections filed on December 8, 2017 should be stricken, and (5) the magistrate's decision, including the findings of fact and conclusions of law contained in it, should be adopted.

## I. Background

{¶3} On October 9, 2015, Young filed a complaint alleging negligence against ODRC. Young's complaint stems from an injury that Young sustained while he worked in a carpentry shop at the Lebanon Correctional Institution (LeCI).

{¶4} The court, through Magistrate Gary Peterson, held a bench trial on the issue of liability. On September 6, 2017, Magistrate Peterson issued a decision wherein he stated:

> a.       Upon review of the evidence, the magistrate finds that on July 23, 2015, plaintiff, while using a miter saw to complete a cabinet, severed the tips of his index and middle fingers of his left hand. The magistrate further finds that defendant failed to properly train plaintiff on the use of the miter saw. There is no dispute that [David Books, formerly employed as a maintenance repair worker at LeCI] failed to document any training he claimed to have provided to plaintiff. * * *.

(Magistrate Decision, 10-11). The magistrate also stated: "Given the inconsistent statements in the incident report authored by [Tyler Dennis, building construction superintendent at LeCI] and in Books' testimony at trial, the magistrate finds Books' testimony at trial to lack credibility." (Magistrate Decision, 11.) The magistrate further stated: "The magistrate finds that even though plaintiff was not properly trained on the use of the saw, he should have known that by placing his fingers on the blade track and exposing his fingers to the blade, he was creating an unreasonable risk of harm for his own personal safety. * * * The magistrate finds that plaintiff failed to use reasonable care for his own safety by failing to keep his hands free of the track for the blade, thus exposing his fingers to the blade, and that such a failure to use reasonable care proximately caused the accident. Given plaintiff's lack of training, the magistrate finds that plaintiff's own failure to use reasonable care did not exceed the negligence of defendant's." (Magistrate Decision, 12-13.) The magistrate rejected ODRC's

contention that Young intentionally severed his fingers in order to file a lawsuit and obtain a damages award. (Magistrate's Decision, 14.) And the magistrate concluded: "Based upon the foregoing, and weighing plaintiff's comparative negligence against that of defendant, the magistrate finds that plaintiff has proven his claim of negligence by a preponderance of the evidence. It is recommended that a judgment be entered in favor of plaintiff, with a 40 percent diminishment in any award for compensatory damages." (Magistrate's Decision, 14.).

{¶5} After Magistrate Peterson issued his decision, ODRC twice moved the court for an extension of time to file objections to the magistrate's decision. The court granted ODRC's motions for an extension of time.

{¶6} On October 30, 2017, ODRC filed written objections, urging this court to find that "Young's actions and inactions were the sole proximate cause of his injury, or at the very least 51% of the cause of his injury; thus judgment should be rendered in favor of DRC. The objections * * * challenge the application of the law to the facts presented in this case." ODRC presents ten objections for the court's consideration:

**Objection 1:** The Magistrate erred in failing to find that Young's testimony lacked credibility.

**Objection 2:** The Magistrate erred in finding Book's testimony lacked credibility.

**Objection 3:** The Magistrate erred in finding that DRC breached a duty to properly train Young.

**Objection 4:** The Magistrate erred in holding that the alleged failure to train proximately caused Young's injury.

**Objection 5:** The Magistrate erred in finding that Books owed Young a duty to observe the manner in which Young was making the cuts that day.

**Objection 6:** <u>The Magistrate erred in finding that Books [sic] alleged failure to supervise Young on July 23, 2015 was a proximate cause of the injury</u>.

**Objection 7:** <u>The Magistrate erred in finding that Young's negligence was not the sole proximate cause of his injury, or at least 51% of the cause of his injury</u>.

**Objection 8:** <u>The Magistrate erred in failing to follow this Court's precedent in *Richmond*</u>.

**Objection [9]:** <u>The Magistrate erred in failing to allow testimony of Young's prior statement</u>.

**Objection [10]:** <u>The Magistrate erred in failing to find that Young intentionally cut off his fingers</u>.

ODRC has not filed a transcript of the proceedings before the magistrate or an affidavit of evidence in support of its objections. In its objections, ODRC states: "To the extent possible, DRC will rely upon the factual findings of the magistrate; however, where necessary, DRC respectfully requests that the Court review the recording of the trial." (Objections, 1.)

{¶7} Eight days after ODRC filed its objections, on November 7, 2017, Young filed a document labeled "Memorandum Of Plaintiff Contra Defendant's Objections To The Decision Of The Magistrate." About a month after Young filed a response—on December 8, 2017—ODRC moved the court "for leave to file a reply in support of its objections and leave to support its objections through alternate technology, *i.e.*, the recording of the trial rather than a written transcript, to the extent that such leave has not already been requested." And on December 8, 2017, without leave of court, ODRC filed a reply in support of its objections. Five days later—on December 13, 2017— Young moved to strike ODRC's reply and, on December 13, 2017, Young also filed a response opposing ODRC's motion for leave to file a reply and to utilize alternate technology in support of ODRC's objections.

{¶8} ODRC has not filed a timely memorandum opposing Young's motion to strike of December 13, 2017.

## II. Law and Analysis
### A. Standard of Review

{¶9} Civ.R. 53(D)(3)(b) pertains to objections to a magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(i), a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." Civ.R. 53(D)(3)(b)(ii) provides, "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." And Civ.R. 53(D)(3)(b)(iii) provides:

> b.    An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶10} Civ.R. 53(D)(4) governs a court's action on objections to a magistrate's decision. Civ.R. 53(D)(4)(d) provides, "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied

the law. * * *." A magistrate's decision "is not effective unless adopted by the court." Civ.R. 53(D)(4)(a).

{¶11} ODRC states in its objections: "To the extent possible, DRC will rely upon the factual findings of the magistrate; however, where necessary, DRC respectfully requests that the Court review the recording of the trial." (Objections, 1.)

{¶12} DRC's request asking the court to review the recording of the trial is not well-taken. Civ.R. 53(D)(3)(b)(iii) provides that an objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), "*shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.*" (Emphasis added.) *See In re Estate of Stambolia*, 11th Dist. Trumbull No. 2006-T-0005, 2006-Ohio-4314, ¶ 17 ("The use of the word 'shall' indicates that the rule is mandatory, requiring strict compliance"). Here, ODRC has not supported its objections to the magistrate's factual findings by submitting a transcript of all the evidence submitted to the magistrate as required by Civ.R. 53(D)(3)(b)(iii). Neither has ODRC represented to the court that an affidavit of evidence is required because a transcript is not available.

{¶13} In the court's view, Civ.R. 53 does not require a court to review a recording of an entire trial before a magistrate in a circumstance where a party fails to state with particularity why a court should consider the use of alternative technology in reviewing a party's objections. And a cursory review of ODRC's objections discloses that in its objections ODRC has not directed the court to specific portions within the recording where error purportedly occurred. The court determines that ODRC's request for leave to support its objections through alternate technology (i.e., a recording of the trial rather than a written transcript) should be denied.

{¶14} ODRC's request for leave to file a reply also is not well-taken. First, Civ.R. 53(D)(3)(b)(i) generally permits a party to file written objections to a magistrate's decision within fourteen days of the filing of a magistrate's decision and it permits

another other party to file objections not later than ten days after the first objections are filed. *See* Civ.R. 53(D)(3)(b)(i). Civ.R. 53(D)(3)(b)(i) *does not* on its face provide for the filing a reply in support of objections. Second, this court's own local rules permit reply briefs "*only upon a showing of the necessity therefore and with leave of court.*" (Emphasis added.) L.C.C.R. 4(C). Whether, as ODRC urges, a reply "is necessitated to correct the misstatements of law and fact contained in Plaintiff's Memorandum Contra thereby further explaining DRC's objections," satisfies a showing of the necessity for the filing of a reply brief is arguable. And, even assuming for the sake of argument that ODRC showed the necessity of a reply brief, because ODRC filed its reply brief without having obtained leave to do so, the court finds that ODRC did not comply with L.C.C.R. 4(C). The court determines that ODRC's motion for leave to file a reply should be denied, that Young's motion of December 13, 2017 to strike ODRC's reply should be granted, and that ODRC's reply of December 8, 2017 should be stricken.

{¶15} The court further finds that Young's response to ODRC's objections is not supported by the plain language of Civ.R. 53(D)(3)(b)(i). Accordingly, Young's response to ODRC's objections is procedurally irregular under Civ.R. 53(D)(3)(b)(i). Nonetheless, given that ODRC has not objected to Young's response, the court accepts Young's response to ODRC's objections.

### B. Determination of ODRC's objections

{¶16} ODRC presents ten objections for this court's determination. For ease of analysis, the court combines some of ODRC's objections for purposes of the court's independent review.

**Objection 1: The Magistrate erred in failing to find that Young's testimony lacked credibility.**

**Objection 2: The Magistrate erred in finding Book's testimony lacked credibility.**

{¶17} By its first and second objection, ODRC challenges certain credibility determinations made by the magistrate.

{¶18} When this court independently reviews objections to a magistrate's decision, this court may give weight to a magistrate's assessment of witness credibility in view of a magistrate's firsthand exposure to the evidence. *See Siegel v. Univ. of Cincinnati College of Medicine*, 2015-Ohio-441, 28 N.E.3d 612, ¶ 12 (10th Dist.) ("'Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions.' *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 15, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 233, 590 N.E.2d 886 (10th Dist.1990)"). Thus, in this instance, the court properly may give weight to Magistrate Peterson's assessment of the credibility or lack of credibility of the parties' witnesses and their testimony.

{¶19} Absent a transcript of all the evidence submitted to the magistrate relevant to the magistrate's findings of credibility, absent an affidavit of evidence, and having rejected ODRC's request asking this court to review the recording of the entire trial before the magistrate, the court finds ODRC's first and second objections that challenge the magistrate's credibility determinations are not well-taken. *See In re Estate of Stambolia*, 11th Dist. Trumbull No. 2006-T-0005, 2006-Ohio-4314, ¶ 20 ("since Michael failed to file a transcript of the hearing or affidavit in support of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary grounds for the trial court to rule on the objections").

{¶20} The court determines that ODRC's first and second objections should be overruled.

**Objection 3: The Magistrate erred in finding that DRC breached a duty to properly train Young.**

**Objection 4: The Magistrate erred in holding that the alleged failure to train proximately caused Young's injury.**

**Objection 6: The Magistrate erred in finding that Books [sic] alleged failure to supervise Young on July 23, 2015 was a proximate cause of the injury.**

**Objection 7: The Magistrate erred in finding that Young's negligence was not the sole proximate cause of his injury, or at least 51% of the cause of his injury.**

{¶21} By its third objection, ODRC challenges the magistrate's determination that ODRC breached a duty to properly train Young. By its fourth objection, ODRC contends that the magistrate's determination that ODRC's failure to train proximately caused Young's injury is error. By its sixth and seventh objections, ODRC challenges other proximate-cause determinations made by the magistrate.

{¶22} Whether a duty has been breached in a common law negligence action constitutes a factual determination. *See Gallimore v. Children's Hosp. Med. Ctr.*, 1st Dist. Hamilton Appeal Nos. C-890808, C-890824, 1992 Ohio App. LEXIS 850, at *31 (Feb. 26, 1992) ("On the state of the present record, it is fair to say that the issue of breach of duty pivoted on one simple factual determination: * * *"); *Keister v. Park Centre Lanes*, 3 Ohio App.3d 19, 26, 443 N.E.2d 532 (5th Dist.1981) ("The issue of breach of duty causing injury is a question of fact"). And in a common law negligence action the determination of proximate cause is ordinarily a question of fact. *See Eastman v. Stanley Works*, 180 Ohio App.3d 844, 2009-Ohio-634, 907 N.E.2d 768, ¶ 42 (10th Dist.); *Ricciardo v. Weber*, 5th Dist. Licking No. CA-3452, 1989 Ohio App. LEXIS 4833, at *7 (Dec. 22, 1989).

{¶23} Here, absent a transcript of all the evidence submitted to the magistrate relevant to the magistrate's factual determinations, absent an affidavit of evidence, and having rejected ODRC's request asking this court to review the recording of the entire trial before the magistrate, the court finds ODRC's third objection that challenges the magistrate's factual determination that ODRC breached a duty to properly train Young is

not well-taken.  *See In re Estate of Stambolia, supra,* ¶ 20 ("since Michael failed to file a transcript of the hearing or affidavit in support of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary grounds for the trial court to rule on the objections").

{¶24} Similarly, absent a transcript of all the evidence submitted to the magistrate relevant to the magistrate's factual determinations, absent an affidavit of evidence, and having rejected ODRC's request asking this court to review the recording of the entire trial before the magistrate, the court finds that ODRC's fourth, sixth, and seventh objections that challenges the magistrate's proximate-cause determinations are not well-taken.

{¶25} The court determines that ODRC's third, fourth, sixth, and seventh objections should be overruled.

**Objection 5: The Magistrate erred in finding that Books owed Young a duty to observe the manner in which Young was making the cuts that day.**

{¶26} By its fifth objection, ODRC urges that the magistrate erred in finding that David Books, who, according to the magistrate's decision, supervised the carpenter shop when Young sustained his injury, owed Young a duty to observe the manner in which Young was making cuts on the day of his injury.

{¶27} The existence of a duty in a negligence action "is a question of law for the court to determine."  *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).  In *Mussivand*, the Ohio Supreme Court explained:

> c.      There is no formula for ascertaining whether a duty exists. Duty "* * * is the court's 'expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' (Prosser, Law of Torts (4th ed. 1971) pp. 325-326.) Any number of considerations may justify the imposition of duty in particular circumstances, including the guidance of history, our continually refined concepts of morals and justice, the

> convenience of the rule, and social judgment as to where the loss should fall. (Prosser, *Palsgraf Revisited* (1953), 52 Mich. L. Rev. 1, 15). * * *" *Weirum* v. *RKO General, Inc.* (1975), 15 Cal. 3d 40, 46, 123 Cal. Rptr. 468, 471, 539 P. 2d 36, 39.

*Id.* The Tenth District Court of Appeals has stated: "In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. * * * Reasonable care is defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 8. And in *Forester v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-366, 2011-Ohio-6296, ¶ 8, the Tenth District Court of Appeals stated: "Where an inmate provides labor for the state, the state's duty must be defined in the context of those additional factors that characterize the inmate's particular work. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 208, 537 N.E.2d 665 (holding that the state had a duty to protect an inmate from unreasonable risks of harm associated with his duties as a farmhand on a prison farm)."

{¶28} In this instance, the magistrate found Books's trial testimony lacked credibility. Thus, Books's testimony that "he trained plaintiff on the proper use of the miter saw" and that Young operated the miter saw "on more than 40 occasions prior to July 23, 2015" may be viewed as suspect. (Magistrate's Decision, 4.) The court does not find that the magistrate's determination that Books owed a duty to observe the manner in which Young was making the cuts on the day of his injury constitutes an erroneous legal determination as to a duty imposed on ODRC, especially given that Books supervised the carpenter shop on the date that Young sustained his injury and ODRC, through Books, owed Young a duty of reasonable care and protection from unreasonable risks. Moreover, the context of Young's injury supports the magistrate's determination of a legal duty because, according to Books, at the time of Young's injury,

he was in his office, about 20 feet from where Young was using the miter saw and he could see Young from his office. (Magistrate's Decision, 6.)

{¶29} The court determines that ODRC's fifth objection should be overruled.


**Objection 8: The Magistrate erred in failing to follow this Court's precedent in *Richmond.***

{¶30} By its eighth objection, ODRC contends that the magistrate erred by failing to follow *Richmond v. Ohio State Univ.*, 56 Ohio Misc.2d 16 (1989). In *Richmond*, Gary A. Richmond, a student at The Ohio State University, brought a negligence action against the university after he was injured using a table saw in conjunction with a class. In *Richmond*, this court determined that Richmond's "failure to avoid a known perilous condition is an intervening event, in regards to the lack of an operating safety guard, and was the proximate cause of his injuries; the incident would not have occurred if plaintiff had been more attentive to the assigned task." *Richmond* at 18. However, in reaching this determination, the court noted that "*it is apparent that the instruction provided and the obvious danger of such a machine went unheeded.*" (Emphasis added.) *Id.*

{¶31} Unlike *Richmond* where instruction was provided, here whether ODRC's agent provided instruction is disputed. According to the magistrate, an incident report in this case indicates that "'**Mr. Books also admitted that he had not completed any training and has no knowledge or paperwork showing that the inmate had been properly trained or shown how to utilize any tools or equipment in the carpenter shop**.'" (Emphasis sic.) (Magistrate's Decision, at 6.) Thus, *Richmond* is distinguishable from this case. The court finds that in this case the magistrate did not err by failing to follow *Richmond*.

{¶32} The court determines that ODRC's eighth objection should be overruled.

**Objection [9]: The Magistrate erred in failing to allow testimony of Young's prior statement.**

{¶33} By its ninth objection, ODRC challenges an evidentiary ruling by the magistrate.

{¶34} Absent a transcript of all the evidence submitted to the magistrate relevant to the magistrate's evidentiary ruling, absent an affidavit of evidence, and having rejected ODRC's request asking this court to review the recording of the entire trial before the magistrate, ODRC's request in its ninth objection to reverse the magistrates evidentiary ruling is not well-taken. *See In re Estate of Stambolia*, 11th Dist. Trumbull No. 2006-T-0005, 2006-Ohio-4314, ¶ 20 ("since Michael failed to file a transcript of the hearing or affidavit in support of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary grounds for the trial court to rule on the objections").

{¶35} The court determines that ODRC's ninth objection should be overruled.

**Objection [10]: The Magistrate erred in failing to find that Young intentionally cut off his fingers.**

{¶36} By its tenth objection, ODRC maintains that the magistrate erred by failing to find that Young intentionally cut off his fingers.

{¶37} Here, in his decision the magistrate stated that "defendant did not persuade the magistrate the plaintiff intentionally severed his fingers in order to file a lawsuit to obtain a money damages award." (Magistrate's Decision at 14.) Given the magistrate's firsthand exposure to the evidence and, absent a transcript of all the evidence submitted to the magistrate relevant to the magistrate's finding, absent an affidavit of evidence, and having rejected ODRC's request asking this court to review the recording of the entire trial before the magistrate, the court finds ODRC's tenth objection is not well-taken. *See In re Estate of Stambolia*, 11th Dist. Trumbull No. 2006-T-0005, 2006-Ohio-4314, ¶ 20 ("since Michael failed to file a transcript of the hearing or affidavit in support

of her objections, as required by Civ.R. 53(E)(3)(c), there was no proper evidentiary grounds for the trial court to rule on the objections").

{¶38} The court determines that ODRC's tenth objection should be overruled.

### III. Conclusion

{¶39} Accordingly, for reasons set forth above, the court determines that (1) ODRC's objections of October 30, 2017 should be overruled, (2) ODRC's motion for leave to file a reply and to utilize alternate technology in support of its objections filed on December 8, 2017 should be denied, (3) Young's motion of December 13, 2017 to strike ODRC's reply should be granted, (4) ODRC's reply in support of its objections filed on December 8, 2017 should be stricken, and (5) the magistrate's decision, including the findings of fact and conclusions of law contained in it, should be adopted.

PATRICK M. MCGRATH
Judge

CHAD YOUNG

    Plaintiff

    v.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION

    Defendant

Case No. 2015-00867

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

{¶40} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court determines that Magistrate Peterson has properly determined the factual issues and appropriately applied the law in his decision of September 6, 2017. The court ADOPTS Magistrate Peterson's decision and recommendations as its own, including the findings of fact and conclusions of law contained in it. The court OVERRULES all of defendant Ohio Department of Rehabilitation and Correction's objections to the magistrate's decision. The court DENIES defendant Ohio Department of Rehabilitation and Correction's motion of December 8, 2017 for leave to file a reply and to utilize alternative technology. The court GRANTS plaintiff Chad Young's motion of December 13, 2107 to strike defendant Ohio Department of Rehabilitation and Correction's reply in support of its objections. The court STRIKES defendant Ohio Department of Rehabilitation and Correction's reply of December 8, 2017 that defendant Ohio Department of Rehabilitation and Correction filed without leave of court. Judgment on the issue of liability is rendered in favor of plaintiff Chad Young with a 40 percent diminishment in any award for compensatory

damages.   A case management conference is scheduled for *January 26, 2018, at 10:00 a.m.*, to discuss further proceedings.   The court shall initiate the conference via telephone.

                                                      _____

PATRICK M. MCGRATH
Judge

cc:

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Timothy M. Miller
Velda K. Hofacker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed December 29, 2017**
**Sent to S.C. Reporter 1/11/18**